IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:18-CR-00037-JCB** |
| vs. | § § § | |
| | § | |
| **MARKEISTUS JERMAINE GIPSON (8)** | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On April 11, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base, a Class B felony, Defendant Markeistus Jermaine Gipson was sentenced on June 18, 2019 by United States District Judge Robert W. Schroeder, III. The statutory maximum imprisonment term was 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Defendant was sentenced to imprisonment for a term of 46 months followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, and obtaining a high school equivalency certificate. The case was reassigned to United States District Judge J.

Campbell Barker on March 16, 2021. Defendant completed his term of imprisonment and started his term of supervised release on February 2, 2022.

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 6, 2024, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on March 1, 2024 for the offenses of Possession of a Controlled Substance Penalty Group 3 Less Than 28 Grams, a Class A Misdemeanor, and Tamper/Fabricate Physical Evidence with Intent to Impair, a 3rd Degree Felony.

2. **Allegation 2 (mandatory condition #2): The defendant must not unlawfully possess a controlled substance.** It is alleged that Defendant was arrested on March 1, 2024 after being found in possession of a controlled substance, namely Xanax (Alprazolam).

3. **Allegation 3 (mandatory condition #3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant tested positive for the use of marijuana on May 25, June 14, and June 28, 2022, and again on April 28, 2023. It is also alleged that Defendant tested positive for the use of cocaine on October 18, 2023.

4. **Allegation 4 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to attend his scheduled substance abuse treatment sessions on February 1, 2024 and February 22, 2024;

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Tamper/Fabricate Physical Evidence with Intent to Impair, a 3rd Degree Felony or possessing cocaine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The guidelines provide that Defendant's guideline range of imprisonment for a Grade B violation is 4 to 10 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled Substance Penalty Group 3 Less Than 28 Grams, a Class A Misdemeanor, possessing Xanax, using and possessing marijuana, using cocaine, or failing to attend substance abuse treatment sessions as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of I, the guidelines provide an imprisonment range of 3 to 9 months for a Grade C violation.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On April 11, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 7 months with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 7 months with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 7 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards

outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 7 months with no further supervised release.

So ORDERED and SIGNED this 11th day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE